IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN HARRIS and ROSIE HARRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PV HOLDING CORP. and AVIS | : | |
| RENT-A-CAR SYSTEM LLC and | : | |
| AVIS BUDGET GROUP, INC. and | : | |
| TROY R. BENJAMIN | : | NO. 09-1568 |



## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

August 20, 2009

Plaintiffs have filed a motion to compel in this personal injury/automobile accident case. At issue in the motion is an insurance policy or policies issued to Gwenneth Clarke, Mr. Benjamin's mother. During his deposition, Mr. Benjamin testified that he was living with his mother at the time of the accident, and that she had insurance on her own car. See Pl.'s Mot. at ¶ 3. As such, Plaintiffs contend that Ms. Clarke's policy would provide excess coverage for their claims against Mr. Benjamin.[1] Id. The Defendants have responded to the Motion, arguing that the information sought is a matter of public record, and that they are under no obligation to produce details regarding Ms. Clarke's insurance coverage because she is not a party to this action. For the reasons that follow, I will grant Plaintiffs' Motion to Compel.

---

[1] The court expresses no opinion on this theory. Without reading the policy, it is impossible to know whether such coverage extended to Mr. Benjamin or if other portions of the policy might limit or exclude such coverage.

Before addressing the underlying issue, I first turn to Plaintiffs' allegation that Defendants did not timely object to the interrogatory and production request. See Pl.'s Mot. at ¶ 8. In response, Defendants assert that they have timely responded to Plaintiff's motion. This response misses the point. Both Rules 33, governing interrogatories, and 34, governing document production, require a response to the requests within 30 days of service. Here, Plaintiffs served a Request for Production of Documents relating to Ms. Clarke's insurance coverage on June 24, 2009, together with a request for a supplemental response to Interrogatory 3, which requested information regarding liability insurance coverage. It does not appear that Defendants responded to these requests, see Letter of Borish, Aug. 3, 2009, attached to Pl.'s Mot. at Exh. C, and Defendants do not assert that they did. The fact that Defendants timely responded to the Motion to Compel does not excuse their failure to respond to the interrogatory and production request. Absent good cause, the failure to timely respond to discovery requests results in a waiver of the objection. See Fed. R. Civ. P. 33(b)(4); Rintchen v. Walker, No. 95-6861, 1996 WL 238701, at *1 (E.D. Pa. May 7, 1996); Keystone Medical Corp. V. Rosner, No. 86-6400, 1987 WL 6015, at *1 (E.D. Pa. Jan. 29, 1987) ("failure to object to the request for production of documents and depositions of witnesses within the time fixed by the rules constitutes a waiver of any objection").

Here, Defendants have ignored their failure to timely respond to the discovery requests and seem to believe that a timely response to the motion to compel is sufficient. It is not. Thus, I find that the objections are waived.

Moreover, the information sought by the Plaintiffs is clearly discoverable, the standard for which is whether the information is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The potential availability of additional insurance to cover the accident in this case is highly relevant. See e.g., Allstate Property and Casualty Co. v. Jaffe, No. 07-3003, 2008 WL 3911048, at *3 (E.D. Pa. Aug. 21, 2008) (discussing applicability of resident relative clause in an automobile insurance policy); Aetna Casualty and Surety Co. v. DeBruicker, 838 F. Supp. 215, 218-19 (E.D. Pa. 1993) (discussing availability of excess automobile coverage based on family member clause and resident exclusion). Therefore, the information must be produced in discovery.

The only viable objection to this request for discovery is that the policy to which Mr. Benjamin referred during his deposition is not within his possession, custody, or control. See Fed. R. Civ. P. 34(a)(1) (requiring production of items in "party's possession, custody, or control"). However, Mr. Benjamin has given this court no indication that he cannot obtain the policy to which he referred at his deposition. In addition, I cannot turn a blind eye to the fact that the policy in question belongs to Mr. Benjamin's mother, a fact which makes the document both relevant and, under most circumstances, within his ability to obtain. Without the opportunity to review the policy

Ms. Clarke had in force at the time of the accident, it is impossible to determine whether coverage extends to Mr. Benjamin under the circumstances here presented. Therefore, the Motion to Compel will be granted. An appropriate Order follows.